UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION—BAY CITY

In re:

CHEBOYGAN LUMBER COMPANY,   Case No. 14-20232 DOB
                             Chapter 11
                             Hon. Daniel S. Opperman

        Debtor.
_____/

## STATE OF MICHIGAN
## DEPARTMENT OF LICENSING & REGULATORY AFFAIRS, UNEMPLOYMENT INSURANCE AGENCY'S OBJECTION TO CONFIRMATION OF DEBTOR'S FIRST AMENDED COMBINED PLAN AND DISCLOSURE STATEMENT

The State of Michigan, Department of Licensing & Regulatory Affairs, Unemployment Insurance Agency by its attorneys, Bill Schuette, Attorney General, and Roland Hwang, Assistant Attorney General, files this objection to confirmation of the Debtor's First Amended Combined Plan and Disclosure Statement ("Plan") and states:

1. The Debtor filed its petition on or about February 6, 2014 under Chapter 11 of the Bankruptcy Code.

2. The business activities of the Debtor result in liabilities to the Agency for unemployment taxes pursuant to Mich. Comp. Laws § 421.1, *et seq*.

3. The Agency filed a pre-petition priority claim of $257.75, $0 of which is secured.

4. The number of payments and frequency of payments to the Agency is not in the plan.

5. The date for the first payment to the Agency is not in the plan.

6. The Agency's 1st amended administrative claim is mentioned in the plan at p 6, but no amount is mentioned.

1

7. The Agency's 1st amended administrative claim totals $24,271.30.

8. The Plan does not mention payment of any interest to the Agency.

9. The Plan does not mention payments to the Unemployment Insurance Agency.

10. Section 511 from the Bankruptcy Abuse Prevention and Consumer Protection Act, 11 U.S.C. § 511 determines the rate of interest on tax claims. Section 511 states:

> "If any provision of this title requires the payment of interest on a tax claim or on an administrative expense tax, or the payment of interest to enable a creditor to receive the present value of the allowed amount of a tax claim, the rate of interest shall be the rate determined under applicable nonbankruptcy law."

For the Agency, that rate of interest is one percent per **month** pursuant to Mich. Comp. Laws § 421.15.

11. Each tax claim must be paid under Bankruptcy Code 11 U.S.C. §1129(9)(C) with interest set under 11 U.S.C. § 511.

12. The Plan at paragraph 10 states that the Effective Date under the First Amended Plan is the 14th day after the confirmation order becomes final.

**Objection**

1. The Agency files this objection to confirmation of the Combined Plan insofar as it fails to provide for the statutory interest at the established one percent per month pursuant to Mich. Comp. Laws § 421.15.

2. Notwithstanding the Debtor's obligation to pay interest at the statutory interest rate, pursuant to 11 U.S.C. § 1129(a)(9)(C) interest on priority tax claims must be paid at a rate determined by the "prevailing market rate for a loan of a term equal to the payout period, with due consideration of the quality of the security and the risk of subsequent default." See *In re Camino Real Landscape Maintenance Contractors*, 818 F2d 1503, 1505 (CA 9, 1987).

3. The Plan does not state the Agency pre-petition priority claim amount, nor its administrative claim amount.

4. The payment on the Agency's pre-petition priority claim of $257.75 of which $0 is secured) at the statutory interest of one percent per month could be a single payment.

5. The Agency proposes the following additional language to address default and conversion as follows:

   a. Upon the failure of the Debtor to make any payments due on a secured or priority tax claim that is not cured within 30 days of the mailing of a written notice of default by the Creditor, such Creditor may exercise all rights and remedies available under non-bankruptcy law for the collection of its entire claim and/or seek appropriate relief in this Court.

   b. In the event of a conversion of this case to a Chapter 7 proceeding all property of the Debtor, Debtor-in-Possession, or Reorganized Debtor, including all property which will revest in the Reorganized Debtor pursuant to Confirmation of the plan of reorganization and all property acquired by the Reorganized Debtor subsequent to plan confirmation shall be property of the Chapter 7 Estate.

## Relief Requested

WHEREFORE, State of Michigan Department of Licensing & Regulatory Affairs, Unemployment Insurance Agency prays that confirmation of Debtor's proposed Combined Plan and Disclosure Statement be denied until the Plan is modified to address these objections, specifically recognize full amount of the pre-petition priority claim, and the Agency administrative claim, allow for statutory interest at one percent per month, and that the State of Michigan Department of Licensing & Regulatory Affairs, Unemployment Insurance Agency be granted such additional relief as is just and proper.

Respectfully submitted,

Bill Schuette
Attorney General

 /s/ Roland Hwang
Roland Hwang (P32697)
Assistant Attorney General
Attorney for State of Michigan, LARA, UIA
3030 W. Grand Blvd., Ste. 9-600
Detroit, MI 48202
(313) 456-2210
Fax: (313) 456-2201
hwangr@michigan.gov

Dated: March 17, 2015